UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAIME L. RODRIGUEZ (Brad H. Member),

    Plaintiff,

-against-

CAMBA (WHERE YOU CAN) SUPPORTIVE HOUSING; NYC HOUSING COURT,

    Defendants.

---

1:23-CV-8784 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Jaime L. Rodriguez, who is currently held in the North Infirmary Command on Rikers Island, filed this *pro se* action alleging that the defendants have violated his federal constitutional rights.[1] The Court understands Plaintiff's complaint as suing the following defendants: (1) CAMBA Housing Ventures ("CAMBA"); and (2) the New York City Civil Court, Kings County, Housing Part ("Brooklyn Housing Court"). Plaintiff seeks damages and injunctive relief. The Court construes Plaintiff's complaint as asserting claims under 42 U.S.C. § 1983 as well as claims under state law. For the following reasons, the Court transfers this action to the United States District Court for the Eastern District of New York.

## DISCUSSION

    With respect to Plaintiff's claims under 42 U.S.C. § 1983 and state law, such claims may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in

---

[1] Plaintiff filed his complaint while he was held in the Eric M. Taylor Center on Rikers Island.

this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). For the purposes of Section 1391, a "natural person" resides in the judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

Based on Plaintiff's allegations, including those describing Plaintiff's eviction from CAMBA housing in Brooklyn, Kings County, New York, it appears that both the Brooklyn Housing Court and CAMBA reside in Brooklyn, in the Eastern District of New York.[2] CAMBA, which appears to be a housing social services organization, may also reside within this judicial district. Thus, the United States District Court for the Eastern District of New York and, perhaps, this court, may both be proper venues for this action under Section 1391(b)(1).

Even if this court is a proper venue for this action under Section 1391(b)(1), because Plaintiff alleges that a significant portion, if not, all of the events giving rise to his claims occurred in Brooklyn, within the Eastern District of New York, it is clear that the United States District Court for the Eastern District of New York is also a proper venue for this action under Section 1391(b)(2).

Under 28 U.S.C. § 1404(a), even if an action is filed in a federal district court where venue is proper, a court may transfer the action to any other federal district court where it might

---

[2] This judicial district, the Southern District of New York, is comprised of the following New York State counties: (1) New York (New York City Borough of Manhattan); (2) Bronx (New York City Borough of the Bronx); (3) Westchester; (4) Dutchess; (5) Rockland; (6) Orange; (7) Putnam; and (8) Sullivan. 28 U.S.C. § 112(b). The Eastern District of New York is comprised of the following New York State counties: (1) Kings (New York City Borough of Brooklyn); (2) Queens (New York City Borough of Queens); (3) Richmond (New York City Borough of Staten Island); (4) Nassau; and (5) Suffolk. § 112(c).

have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 458-59 (S.D.N.Y. 2011); *see also N.Y. Marine & Gen. Ins. Co. v. LaFarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer to the United States District Court for the Eastern District of New York is appropriate for this action. Many, if not, all of the underlying events allegedly occurred in Brooklyn, in the Eastern District of New York. It is also reasonable to expect that relevant documents and witnesses would be located in that judicial district. Thus, the United States District Court for the Eastern District of New York appears to be a more convenient forum for this action. Accordingly, this Court transfers this action to that court. *See* § 1404(a); *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Eastern District of New York. 28 U.S.C. § 1404(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the

transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:  October 19, 2023
          New York, New York

                                            /s/ Laura Taylor Swain
                                           LAURA TAYLOR SWAIN
                                          Chief United States District Judge